PETER J. CRESCI, Plaintiff
830 AVENUA A, BAYONNE, NJ 07002
Email: Crescilegal@gmail.com
Tel: 646-701-9028; Fax: 888-803-9705
*Plaintiff Pro Se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

**FILED**

JUL 26 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| PETER J. CRESCI<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY B. CRESCI, II, INDIVIDUALLY; JOHN DOES 1-3, INDIVIDUALLY (Fictitious Individuals); JANE DOES 1-3, INDIVIUALLY (Fictitious Individuals); XYZ (a Fictitious Entity)<br><br>Defendants. | **1:24 CV 01279**<br><br>CIVIL ACTION NO: _____<br><br>**COMPLAINT & JURY DEMAND**<br><br>**JUDGE FLEMING** |

Plaintiff, Peter J. Cresci residing in the State of New Jersey, City of Bayonne, complaining of the Defendant Anthony B. Cresci, II who resides in the State of Ohio, City of Lakewood, deposes and says:

## JURISDICTION & VENUE

1. This case is brought under diversity jurisdiction IAW 28 U.S.C. §1332(a)(1) as the United States District Court holds jurisdiction predicated on the parties are from different states and

1

the amount in controversy exceeds the jurisdiction amount.

2. Further, the illicit actions of the Defendant took place within the Eastern District of Ohio, and were sent out to Georgia and Massachusetts, causing Plaintiff the damages described herein.

3. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. §1391(a)(1) and §(b)(1) as Defendant Anthony B. Cresci, II resides in the District, and the substantial part of the events perpetrated by Defendant Anthony B. Cresci, II took place in the District.

## STATEMENT OF FACTS

7. Plaintiff Cresci and Defendant Cresci are Heirs of the Estate of their Father, Anthony B. Cresci under the laws of the State of Georgia. Decedent Anthony B. Cresci I, passed away on April 16, 2022. Decedent died intestate. Plaintiff and other brothers are considered Heirs to the Decedent under Georgia Law

8. In the two (2) years hence the death of decedent, the family had been insuring and procuring the health, safety and welfare of the decedent's wife and our mother. These actions included, but not limited to, visits, travel, physician appointments, dermatology appointments, ophthalmology appointments, celebrating holidays, etc.

9. As it came time to start winding down the estate of our father, it appears that untoward actions had been taken to interfere, obfuscate, and confuse the process of winding down the affairs of the decedent.

10. As stated herein the Defendant has defamed, libeled, and slandered Plaintiff. Secondly, Defendant has negligently and tortuously interfered with the lawful winding down the affairs of our father.

2

## FIRST COUNT
## DEFAMATION, SLANDER, LIBEL

14. Plaintiff restates and incorporates paragraphs 1-13 as though stated herein.

15. On or about April 22, 2024 Defendant Anthony B. Cresci defamed and slandered Plaintiff Peter J. Cresci to one Charles G. Cresci and one Joseph V. Cresci, III. Receivers of the April 22, 2024 defamation are professionals who are also through the years clients of Plaintiff.

16. Defendant Anthony B. Cresci, II made a false statement that caused and causes harm to Plaintiff's reputation, exposes him to public hatred, contempt, ridicule, shame, or disgrace, and affects him adversely in his trade or business. Defendant Anthony B. Cresci, II made false statements implicating Plaintiff had somehow "stolen" and "took" the Last Will & Testament of Decedent Anthony B. Cresci.

17. Subsequent to the false statement made by Defendant Anthony B. Cresci, Individual Joseph V. Cresci, III revoked a previously granted nomination and authorization of Plaintiff as Administrator in the Estate of Anthony B. Cresci, I. This revocation was made on May 16, 2024; it was included in a public filing on July 3, 2024, received on July 10, 2024.

18. On April 22, 2024 and on other dates Defendant made a false statement of fact; the false statement was made about Plaintiff Peter J. Cresci. The false statement was published and communicated to a third party (in fact both Charles G. Cresci and Joseph V. Cresci). Defendant's actions were intentional. Defendant's actions were defamatory *per se* and caused damage Plaintiff's reputation.

19. Moreover, after an investigation, Defendant Anthony B. Cresci, II within the last 150 days made further defamatory and libelous statements concerning Peter J. Cresci to his son Anthony Marius Cresci, age 26, and nephew of Plaintiff. Anthony Marius Cresci conveyed to Plaintiff's daughter Alexandria C. Cresci, age 23, that "my dad stated that Uncle Pete "stole" Grandpa's Last

3

Will & Testament." Plaintiff's daughter conveyed this slanderous remark to Plaintiff. This false statement was likewise published and communicated to third parties. Defendant's actions were intentional. Defendant's actions were defamatory *per se* and caused damage to Plaintiff's reputation within and without the Cresci Family.

20. Defendant's defamatory statements were made after Defendant visited our mother in Massachusetts and had their ritual telephone calls. Defendant took no action to insure his statements were correct. Further, Anthony B. Cresci I never discussed his personal business with Defendant who by trade is a licensed podiatrist and has little to no knowledge of the legal profession.

21. Defendant committed libel when he publicized statements to third parties that were untrue, abusive, malicious and defamatory. This statement is dated April 12, 2024 but did not come to Plaintiff's attention until July 10, 2024 when it was submitted to third parties. The unsworn, unverified, and uncertified statement implies that Plaintiff acted without authorization, took actions against the intestate laws of the State of Georgia. The unsworn statement, which is permanently a public record, and preserved in a tangible medium, has the long term effect of casting illicit shadow over Plaintiff.

22. The libelous statement is dated April 12, 2024. Defendant claims the Caveat filed was "done without my knowledge." This is a False Statement. There were a myriad of meetings between the five (5) brothers in which the opposition to the request for 1 year's support was discussed. Moreover, Defendant received a copy of the caveat. He did not object to the Caveat nor reached out to discuss the contents of the opposition. In December 2023 Defendant signed a document to effectuate the administration.

23. Defendant further claims in the letter of April 12, 2024 that the Caveat "includes inaccuracies and misrepresentations." This is Libelous. Defendant not only fails to state which parts of the Caveat was inaccurate or a misrepresentation, he publishes to third parties that Plaintiff filed a false sworn statement. This statement was published to third parties and then in July 2024 was filed publicly.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages, liquidated damages, punitive damages, against Defendants Individually, jointly, severally and in the alternative, together with interests and costs of suit, and any other relief that a Jury deems just.

## SECOND COUNT
## FRAUD

24. Plaintiff restates and incorporates paragraphs 1-23 as though stated herein.

25. Defendant took actions to commit fraud, specifically he made statements that were untrue, fraudulent, and designed to place himself and his family in a better financial position.

25a. Defendant made intentional misrepresentations of a material fact – A statement of fact that is false, on purpose, and significant enough to matter. Defendant made statements to Malinda Hixon which significantly amended the rights of the Heirs and the undersigned.

25b. Defendant had knowledge that the representation is false – Defendant perpetrator must have known of the falsehood because there was no last will and testament evident; he had sold his Augusta, GA house on December 10, 2010 and then subsequently moved to Ohio; but Defendant made it to appear that our father had conversations with him in Augusta recently. Defendant's unsworn and uncertified statement was fraudulent and submitted with the purpose to defraud the heirs and benefit himself.

25c. Reliance on the fact by the recipient of the information – Ms. Hixon and Ms. Wilkes reasonably relied on the fraudulent information, or was supposed to rely on it.

25d. Plaintiff and other heirs were damaged as a result of the misrepresentation and reliance – Plaintiff incurred and continues to incur financial damage and some other harms.

26. Defendant made writings that were fraudulent, untrue, and designed to place his family and himself in a better financial position.

## THIRD COUNT
## CONSPIRACY TO COMMIT FRAUD

27.Plaintiff restates and incorporates paragraphs 1 - 26 as thought stated herein.

28.Defendant Anthony B. Cresci, II did act to conspire with third parties to benefit himself and his immediate family financially. Namely, Defendant conspired with third parties to establish through untrue facts that somehow Decedent Anthony B. Cresci did not die intestate. While unable to procure a Last Will & Testament, Defendant conspired with Melissa Wilkes, Teresa D. Cresci, and Joseph V. Cresci, III, among others to commit fraud. Their fraud was an attempt to "take" the entire assets and estate of decedent, allow the assets to be pillaged, moved out of Georgia, and the assets to be diluted.

29.Defendant made false and fraudulent statements and took fraudulent actions with third parties to commit said fraud. March 29-April 1, 2024, April 12, 2024 and June 17, 2024 are specific days which Defendant took fraudulent actions. Likewise, Defendant took a myriad of phone calls, emails, and meetings in which these parties conspired to commit fraud.

30.Defendant's actions were designed by several parties in conspiracy to raid the assets for themselves. For instance, a third party drafted an uncertified statement, which defendant apparently signed that "he" lived on 250 Greene Street, near the decedent and knew decedent's wishes. Defendant acutely leaves out that he sold his house at 250 Greene Street, Augusta, GA on December 20, 2010, Thirteen Years have passed, and Defendant claims while he lived at 250 Greene Street the decedent told him his wishes.

31.Defendant conspired with others in actions that were fraudulent, untrue, and

6

designed to place his family and himself in a better financial position.

## FOURTH COUNT
## TORTIOUS INTEREFERENCE OF ADMINISTRATION

32. Plaintiff restates and incorporates paragraphs 1-31as though stated herein.

33. Plaintiff and several individuals have a stake in the estate of Anthony B. Cresci, as well as ownership of several parcels of real property. The ownership avers from the status as an heir due to an intestate death. *O.C.G.A. 53-3-6(a), State of Georgia*. All the heirs have standing and an expectation of receiving the gifts and inheritance as set forth in the administration of intestacy.

34. Defendant took actions that interfered with the rights, ownership, control, and enjoyment of the heirs' rightful ownership status.

35. Defendant interfered with that expectation by committing fraud, and conspired with others to commit fraud.

36. Defendant exercised undue influence, duress, defamation which further interfered with the heirs' rights and expectations.

35. Defendant's action interfered with economic relations of Plaintiff as a rightful heir.

## DAMAGES

36. As a direct and proximate result of Anthony B. Cresci, II's actions, Plaintiff suffered the following damages for which a jury may award in the amount as follows:

36a. The amount of Compensatory Damages, with treble damages, that resulted from the Defendant's fraud and conspiracy to commit fraud; and

7

36b. The amount of Compensatory Damages, Punitive Damages, Liquidated Damages that resulted from the Defendant's slander, defamation, and libel; and

36c. The amount of Compensatory Damages, Punitive Damages, Liquidated Damages that resulted from the Defendant's Negligence and Tortious Interference of the Administration; and

36d. Prejudgment and Post judgment Interest. Costs and Expenses of bringing this lawsuit; and

36e. All other relief the court and jury deem appropriate

## PRAYER

37. For these reasons, Plaintiff Requests a Judgment against Defendant for the Counts specified herein.

**RESPECTFULLY SUBMITTED,**

This 15th day of July 2024

*830 AVENUE A, BAYONNE, NJ 07002*
*Tel. 646-701-9028*
*Fax: 888-803-9075*
*Email: Crescilegal@gmail.com*
*Plaintiff, Pro Se*

By _____
PETER J. CRESCI
Plaintiff Pro Se