UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER J. CRESCI, | ) CASE NO. 1:24-CV-1279 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE CHARLES E. FLEMING |
| v. | ) |
| | ) |
| ANTHONY B. CRESCI, II, *et al.* | ) |
| | ) **MEMORANDUM OPINION AND** |
| Defendants. | ) **ORDER** |

Before the Court is Defendant Anthony B. Cresci, II's ("Defendant") Motion to Dismiss Plaintiff's complaint. (ECF No. 19). For the reasons stated below, Defendant's motion is **GRANTED** and Plaintiff's construed request for leave to file an amended complaint is **GRANTED**.

I. FACTUAL BACKGROUND

This matter arises from alleged torts committed by Anthony B. Cresci, II ("Defendant") against his brother, Peter J. Cresci ("Plaintiff") during probate proceedings in the Richmond County Probate Court located in the state of Georgia. (ECF No. 1; ECF No. 19, PageID #140). Plaintiff is a disbarred attorney in the states of Texas, New Jersey, New York, and Pennsylvania. (ECF No. 19, PageID #139). Due to Plaintiff's inability to represent clients in a legal capacity, he represents himself *pro se* in this matter. (ECF No. 1, PageID #1). Defendant is represented by counsel.

The parties' father, Anthony B. Cresci ("Decedent"), died intestate on April 16, 2022, as a resident of Georgia. (*Id.* at PageID #2). Decedent left a surviving spouse, Teresa D. Cresci ("Mrs. Cresci"), who is the parties' mother, and five children, including Plaintiff and Defendant. (ECF No. 19, PageID #140).

On February 23, 2024, Mrs. Cresci filed a petition with the Richmond County Probate Court for a year's worth of support, in the amount of $167,000, from Decedent's estate. (*Id.*). The last remaining asset in the Decedent's estate was a parcel of property worth approximately $167,000. (*Id.*).

On March 28, 2024, Plaintiff filed a caveat, or an objection, to Mrs. Cresci's petition for a years' worth of support before the Richmond County Probate Court. (*Id.*). More importantly, Plaintiff claimed to represent his siblings' views without their consent and without a law license. (*Id.*). Defendant and his brother, Charles Cresci ("Charles"), responded to Plaintiff's objection. (*Id.*). They opposed Plaintiff's assertion that (1) Mrs. Cresci should not receive support and (2) that Plaintiff represented the siblings' views. (*Id.*).

II. PROCEDURAL HISTORY

On July 26, 2024, Plaintiff filed a complaint against Defendant for defamation, fraud, conspiracy to commit fraud, and tortious interference with administration ("Complaint") all predicated on the administration of Decedent's estate. (ECF No. 1, PageID #3–7).

On November 1, 2024, Defendant filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1), (6), and (7). (ECF No. 19, PageID #137). In the alternative, Defendant moved for a more definite statement under Federal Rule 12(e). (*Id.*). Defendant asserts that all four claims are meritless for several reasons. First, Defendant argues that Plaintiff's claims were not ripe for adjudication, as the probate proceeding was still being administered at the time Plaintiff filed his complaint. (*Id.* at PageID #143). Second, Defendant

2

argues that the statement submitted to the probate court which serves as the basis for the defamation claim is absolutely privileged because it is related to a judicial proceeding. (*Id.* at PageID #145). Defendant further argues that the remainder of Plaintiff's defamation claims fail for lack of proximate cause to Plaintiff's alleged harm. (*Id.* at PageID #147). Third, Defendant argues that Plaintiff did not plead the fraud claim with particularity as required under Rule 9(b). (*Id.* at PageID #147–48). Fourth, Defendant argues that Plaintiff failed to join the required parties to plead a civil conspiracy claim. (*Id.* at PageID #148–50). Last, Defendant argues that "tortious interference with administration" is not a cognizable claim under Ohio law. (*Id.* at PageID #151).

On December 2, 2024, Plaintiff opposed Defendant's motion to dismiss. (ECF No. 24). Plaintiff contends that Defendant's statements meet all the elements of defamation, and that Plaintiff specifically pleaded the "statements, dates, and audience members" of the allegedly defamatory statements. (*Id.* at PageID #185). Plaintiff seemingly addresses Defendant's argument that the matter is not ripe in the section titled "NO DEFERENCE TO A STATE ACTION [sic] THERE IS NO STATE ACTION." (*Id.* at PageID #186). Plaintiff argues that the probate proceedings do not constitute a state action under the *Rooker Feldman* doctrine and presents no cogent legal argument relevant to the current matter. (*Id.*). Plaintiff further requests leave to amend his pleading under "Federal Civil Procedure Rule 15(e)," which does not exist. *See* Fed. R. Civ. P. 15(a)–(d).[1]

On December 9, 2024, Defendant replied in support of its motion to dismiss or, in the alternative, motion for more definite statement. (ECF No. 27). Defendant proffers the same arguments made in his motion to dismiss. (*Id.* at PageID #199–207). Defendant requests that

---

[1] The Court construes Plaintiff's request for leave to file an amended complaint under 15(e) to be a request for leave under Federal Rule 15(a)(2).

3

Plaintiff pay his costs and attorney's fees due to Plaintiff's bad faith and/or frivolous complaint "devoid of a legal or factual basis." (*Id.* at PageID #206).

On October 2, 2025, the Court ordered Defendant to supplement his motion with a copy of the July 11, 2025 order issued by the Richmond County Probate Court and any additional documentation filed which indicates the status of the writ of support. (Order [Non-document] dated 10/2/2025). Defendant supplemented his motion, including correspondence from the probate court clerk which clarified an error on the docket and a transcript of the hearing held on December 18, 2024. (ECF No. 28). On November 18, 2025, Plaintiff responded to Defendant's supplement, which Plaintiff considered to be "Defendant's second Motion to Dismiss filed on October 16, 2025." (ECF No. 29, PageID #264). On December 1, 2025, Defendant moved to strike Plaintiff's response to Defendant's motion and supplement. (ECF No. 30). On January 6, 2025, Plaintiff responded to Defendant's motion to strike. (ECF No. 31).

### III.   LEGAL STANDARD

#### A.   Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Federal Rule 12(b)(1) authorizes the Court to dismiss claims over which it lacks proper subject matter jurisdiction. *See* Fed. R. Civ. P 12(b)(1). "Plaintiff bears the burden of establishing that subject matter jurisdiction exists." *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014). To establish that subject matter jurisdiction exists, Rule 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, the pleading must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

According to the Sixth Circuit:

"Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a *factual* attack … no presumptive truthfulness applies to the factual allegations ... A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court. The *res judicata* effect of a 12(b)(1) motion is consequently limited to the jurisdictional issue."

*Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In other words, a facial attack challenges the sufficiency of the jurisdictional allegations in the complaint. A factual attack challenges the *per se* fact of the Court's jurisdiction. Here, Defendant moves to dismiss under Rule 12(b)(1) based on a factual attack. Defendant argues that the controversy before the Court is unripe, thereby divesting the Court of subject matter jurisdiction.

Defendant further moves to dismiss under Federal Rules 12(b)(6) and 12(b)(7). Because 12(b)(6) and 12(b)(7) analyses inherently invoke the Court's subject matter jurisdiction, the Court must first address Defendant's factual attack under Rule 12(b)(1). *See Spurr v. Pope*, 936 F.3d 478, 482 (6th Cir. 2019); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1998); *Bell v. Hood*, 327 U.S. 678, 682 (1946); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).[2]

---

[2] When a party moves to dismiss under Federal Rule 12(b)(7) for failure to join a necessary party, the Court must analyze whether the absent party is required under Federal Rule 19(a). Federal Rule 19(a) sets forth a three-part test for determining whether a person is a required party and mandates joinder only if doing so "will not deprive the court of subject-matter jurisdiction." Thus, the Court finds that subject matter jurisdiction must independently exist before the Court may analyze a motion to dismiss under Federal Rule 12(b)(7).

5

IV.     ANALYSIS

Defendant argues that Plaintiff's claims are not ripe for judicial decision because, at the time Defendant filed his motion to dismiss, the Richmond County Probate Court proceedings that form the basis of Plaintiff's complaint were ongoing.  (ECF. No. 19, PageID #142–43).  Defendant argues that the final disposition of the probate proceeding was not yet determined, which made any potential disputes or claims related to the probate matter speculative and unfit for judicial decision at the time.  (*Id.*).

Plaintiff argues that Defendant's argument is misplaced because the Decedent's estate had not been probated or administered.  (ECF No. 24, PageID #186).  Instead, Plaintiff argues that the probate proceeding was an administrative action.  (*Id.*).  Plaintiff states that he did not seek review of a state court to implicate the *Rooker Feldman* doctrine because no decision had been made.  (*Id.*).

Defendant's reply advances the same argument that any potential disputes or claims related to the probate matter are speculative and unfit for judicial decision.  (ECF No. 27, PageID #201–02).  Defendant further argues that the Georgia probate court is the appropriate forum for resolving issues related to the estate.  (*Id.* at PageID #201).

Ripeness is an issue when "a case in anchored in future events that may not occur as anticipated, or at all." *Natl. Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997); *Hill v. Snyder*, 878 F.3d 193, 213–14 (6th Cir. 2017) (quoting *Thomas v. Union Agr. Products Co.*, 473 U.S. 568 (1985)) (explaining that a ripe claim requires purely legal issues that will not be clarified by further factual development).  It is a matter of timing and is rooted in the "policy against federal courts entangling themselves in abstract disagreements through premature

adjudication." *Doe v. Oberlin Coll.*, 60 F.4th 345, 355 (6th Cir. 2023) (citation and quotation omitted).

Ripeness is determined "as of the time a party files its complaint." *State v. Yellen*, 539 F. Supp. 3d 802, 812 (S.D. Ohio 2021). "If a claim is unripe, federal courts lack subject matter jurisdiction, and the claim must be dismissed." *Dealer Comput. Services, Inc. v. Sub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (citing *River City Cap., L.P. v. Bd. of County Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007)) (internal citations omitted).

Plaintiff's claims were not ripe at the time the Complaint was filed. As of the filing dates of Plaintiff's Complaint, Defendant's motion to dismiss, Plaintiff's opposition to Defendant's motion to dismiss, and Defendant's reply, the probate proceedings in the Richmond County Probate Court were ongoing.[3] Plaintiff filed the Complaint on July 26, 2024. According to the Richmond County Probate Court docket, several additional filings were made after July 26, 2024 and through October 30, 2024. Accordingly, this matter was unripe at the time the Complaint was filed because the probate proceedings were ongoing, and the Court lacks subject matter jurisdiction.[4]

Nonetheless, a ripeness deficiency may be cured through a subsequent amendment. *See Ohio Midland, Inc. v. Proctor,* No. C2-05-1097, 2006 WL 3793311, at *4 (S.D. Ohio Nov. 28, 2006), *aff'd sub nom. Ohio Midland, Inc. v. Ohio Dep't of Transp.*, 286 F. App'x 905 (6th Cir.

---

[3] Federal courts may take judicial notice of proceedings in other courts of record. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (quotation and citation omitted). In considering a motion to dismiss, the Court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008). The Court hereby takes judicial notice of the Richmond County Probate Court docket, Case No. 2024-RCGP-147.

[4] Absent subject matter jurisdiction, the Court declines to address Defendant's remaining arguments for dismissal under Federal Rules 12(b)(6) and 12(b)(7).

2008) (discussion of ripeness cure through amendment); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1992) (holding that an amended complaint relates back and can cure insufficient pleading of subject matter jurisdiction); *Woods v. Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993) ("Consistent with its history and purpose, Rule 15(c) has uniformly been applied to relate back [filings] that cure defective statements of jurisdiction …"); *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286 (8th Cir. 1988) (concluding that the plaintiff's amended complaint cured ripeness defect in original complaint).

As of the date of this order, the status of Richmond County Probate Court Case No. 2024-RCGP-147 is designated as closed.  The probate proceedings appear to have concluded.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss and **GRANTS** Plaintiff leave to file an amended complaint by February 2, 2026.  Plaintiff shall not add additional claims or parties in the amended complaint.

**IT IS SO ORDERED.**

Dated: January 12, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**